# WASHINGTON COUNTY.

ALBERT BURDICK *vs.* REUBEN BURDICK *et ux.*

When the general issue and special pleas are pleaded, and a verdict is found for the plaintiff on the general issue which clearly could not have been so found if any of the special pleas had been supported, the verdict is in effect a verdict for the plaintiff on all the pleas.
*Carroll* v. *Graham,* 8 R. I. 242, followed.

MOTION IN ARREST OF JUDGMENT.

*Providence, October* 24, 1885.   DURFEE, C. J.   This is a motion in arrest of judgment for insufficiency in the verdict.   The action is trespass and ejectment.   The defendants pleaded, *first,* freehold; *second,* the statute of possessions; *third,* an easement; and *fourth,* not guilty.   The case was tried on all the issues, and the jury returned a verdict that the defendants were " guilty in manner and form," etc., and assessed damages for the plaintiff in the sum of ten cents.   We think it must be held, on the authority of *Carroll* v. *Graham,* 8 R. I. 242, that the verdict was in effect a verdict for the plaintiff on all the issues.   The defendants argue that the verdict is insufficent, because at least some of the defences specially pleaded were not available under the general issue.   The argument rests on the assumption that a verdict for the plaintiff, which is in form a verdict on the general issue, is insufficient, unless the defences set up by the special pleas could have been set up without them under the general issue.   The doctrine of *Carroll* v. *Graham* is broader than that.   The doctrine is that the courts, in construing a verdict, look rather to the substance than the form, and that a verdict for the plaintiff which could not have been properly found for him without finding all the issues in his favor, will be regarded as a verdict for him on all the issues, and judgment will be entered for him accordingly. *Carroll* v. *Graham* was an action of *assumpsit,* to which the defendant pleaded the general issue and the statute of limitations. The verdict was in form a verdict on the plea of the general issue, *i. e. that the defendant did promise,* etc., with damages for the

plaintiff. The court, nevertheless, held that it was virtually a verdict for the plaintiff on both of the issues. It did so, not because the defence specially pleaded could have been set up under the general issue, for it could not have been, but because the jury could not have found such a verdict unless they had found the issue under the plea of the statute against the defendant. The rule is well stated in *Browning & Justice* v. *Skillman*, 24 N. J. Law, 351, 355, as follows, to wit: "Whenever the general issue and a special plea are pleaded, and a verdict is found for the plaintiff on the general issue, if it is apparent that the verdict could not have been so found if the special plea had been supported, the omission is matter of form only." See, also, *Martin* v. *Williams*, 7 Humph. 220. The verdict in the case at bar not only finds that the defendants are guilty, but also assesses damages for the plaintiff. This assessment removes all doubt, if otherwise any there were, in regard to the meaning of the verdict, and shows that the jury must have found all the issues for the plaintiff; for, if they were rightly instructed, as we must presume they were, they must have known that the defendants were not liable to even nominal damages for doing anything which they showed they had a right to do, or were justified in doing.

*Motion overruled.*

*Albert B. Crafts*, for plaintiff.
*Thomas H. Peabody & Charles Perrin*, for defendants.